**BLANK ROME LLP**
*A Pennsylvania LLP*
STEPHEN M. ORLOFSKY, ESQ.
NICHOLAS C. HARBIST, ESQ.
New Jersey Resident Partners
MICHAEL R. DARBEE, ESQ.
BLAIR A. GEROLD, ESQ.
300 Carnegie Center, Suite 220
Princeton, New Jersey 08540
Tel.: 609-750-2646
Fax: 609-897-7286
Orlofsky@BlankRome.com
Harbist@BlankRome.com
MDarbee@BlankRome.com
BGerold@BlankRome.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL LAW ENFORCEMENT OFFICERS ASSOCIATION, NEW JERSEY FRATERNAL ORDER OF POLICE, RICHARD BOWEN, JOSEPH JAKUBIEC, and CHRISTOPHER MARTINEZ,<br><br>      Plaintiffs,<br><br>   v.<br><br>GURBIR GREWAL, in his official capacity as Attorney General of the State of New Jersey, and PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police,<br><br>      Defendants. | Civil Action No.:<br><br><br><br><br><br><br><br>**COMPLAINT**<br>*(Filed Electronically)* |

Plaintiffs Federal Law Enforcement Officers Association, New Jersey Fraternal Order of Police, Richard Bowen, Joseph Jakubiec, and Christopher Martinez, through their undersigned counsel, allege as follows:

## STATEMENT OF THE CASE

1.     The Law Enforcement Officers Safety Act ("LEOSA") confers a national right for qualified retired law enforcement officers ("QRLEOs") to carry a concealed firearm. In violation of this federal right to carry, the State of New Jersey criminalizes the concealed carry of a firearm unless the QRLEO obtains a separate Retired Police Officer ("RPO") permit. The state RPO permit requires a separate application and fee, imposes more onerous requirements than otherwise mandated by LEOSA, and can be denied in the sole discretion of the Superintendent of State Police. Accordingly, Plaintiffs seek a declaration that the New Jersey laws are preempted and seek a judgment that the enforcement of those laws violates their federal rights.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under the United States Constitution and 42 U.S.C. § 1983. This action also seeks relief under 28 U.S.C. §§ 2201 et seq.

3.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in Trenton, New Jersey, where Defendants' offices are located.

## PARTIES

4.     Plaintiff Federal Law Enforcement Officers Association ("FLEOA") is a non-profit professional organization with its principal place of business at 1100 Connecticut Avenue, NW, Suite 900, Washington, D.C. 20036. FLEOA's mission is to represent the interests of active and retired federal law enforcement officers and to advocate for their rights. It currently represents over 28,000 federal law enforcement officers across sixty-five different agencies, including retired law enforcement officers in New Jersey.

5.     Plaintiff New Jersey Fraternal Order of Police ("NJFOP") is a non-profit professional organization with its principal place of business at 108 West State Street, Trenton, New Jersey 08608. The NJFOP is an organization committed to improving the safety and working conditions of law enforcement officers through education, legislation, information, community involvement, and employee representation. Its members include active and retired law enforcement officers, including retired law enforcement officers in New Jersey.

6.     Plaintiff Richard Bowen is a natural person residing in New Jersey and is a member of FLEOA.

3

7.     Plaintiff Joseph Jakubiec is a natural person residing in New Jersey and is a member of FLEOA.

8.     Plaintiff Christopher Martinez is a natural person residing in New Jersey and is a member of FLEOA.

9.     Defendant Gurbir Grewal is the Attorney General of the State of New Jersey. In that capacity, he is the State's chief law enforcement officer and is responsible for enforcing or overseeing the enforcement of New Jersey law.

10.     Defendant Colonel Patrick J. Callahan is the Superintendent of the New Jersey State Police. In that capacity, he is responsible for enforcing or overseeing the enforcement of New Jersey's statutes related to firearms permits. He is also responsible for the investigation and arrest of individuals that do not comply with New Jersey law.

## FACTS

### The Law Enforcement Officers Safety Act

11.     The job of a law enforcement officer never truly "ends." Their work involves upholding the law and keeping the peace, whether they are on- or off-duty. In addition, both active and retired law enforcement officers are targets for criminals. *See* S. Rep. No. 108-29, at 3-4, 2003 WL 1609540 (2003).

12.     A firearm is one of many tools that law enforcement officers may use to uphold the law and to protect themselves and their families, as well as other citizens, from violent attack. *Id.* at 4.

13.     Prior to 2004, active and retired law enforcement officers were subject to a patchwork of inconsistent state and local laws affecting their ability to carry firearms. *Id.*

14.     As a result, many active and retired law enforcement officers were unable to respond to emergency situations and were unable to protect themselves and their families. *Id.* at 4-5.

15.     In 2004, Congress passed the Law Enforcement Officers Safety Act of 2004, Pub. L. No. 108-277, 118 Stat. 865 (2004).

16.     In 2010, Congress amended the law when it passed the Law Enforcement Officers Safety Act Improvements Act of 2010, Pub. L. 111-272, 124 Stat. 2855 (2010).

17.     Congress amended the law again in 2013 when it passed the National Defense Authorization Act for Fiscal Year 2013, Pub. L. 112-239, 126 Stat. 1632 (2013).

18.     These laws are collectively referred to as "LEOSA."

19.     In pertinent part, LEOSA currently provides:

> Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified retired law enforcement officer and who

> is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b).

20.   The unambiguous statutory text of LEOSA confers a national right for a QRLEO to carry concealed firearms.

21.   LEOSA sets forth the requirements to carry a concealed firearm anywhere in the United States. Those specific requirements are codified at 18 U.S.C. § 926C(c)(1)-(7).

22.   In addition, to carry a concealed firearm under LEOSA, a qualified retired law enforcement officer must carry the identification required by LEOSA. The identification standards are codified at 18 U.S.C. § 926C(d)(1)-(2).

23.   The identification required by LEOSA may be issued by the agency from which the QRLEO retired, identifies the individual as a QRLEO, and states the individual met the active duty firearms qualification standards set by the agency for the type of firearm at issue.

24.   Moreover, LEOSA defines a "firearm" to "include[] ammunition not expressly prohibited by Federal law or subject to the provisions of the National Firearms Act." *Id.* § 926C(e)(1)(B).

25.   Accordingly, and without exception, as long as an individual is: a "QRLEO" under the statute, 18 U.S.C. § 926C(c); and carries a LEOSA identification issued by his or her former agency, *id.* § 926C(d); then the individual may carry "a

concealed firearm that has been shipped or transported in interstate or foreign commerce," *id.* § 926C(a), including hollow point and other ammunition not specifically prohibited by federal law, *id.* § 926C(e), anywhere in the United States.

26.     The right to carry in LEOSA applies "[n]otwithstanding any other provision of the law of any State or any political subdivision thereof." *See* 18 U.S.C. § 926C(a).

27.     The only state laws LEOSA does not supersede or limit are those laws that: (1) "permit private individuals or entities to prohibit or restrict the possession of concealed firearms on their property"; or (2) "prohibit or restrict the possession of firearms on any state or local government property, installation, building, base, or park." *See* 18 U.S.C. § 926C(b).

### New Jersey Law

28.     In New Jersey, it is a second-degree crime to possess a handgun without a permit or an exemption. *See* N.J.S.A. § 2C:39-5(b).

29.     In New Jersey, it is a fourth-degree crime to possess hollow point ammunition unless the person is an active law enforcement officer. *See* N.J.S.A. § 2C:39-3(f).

30.     A conviction for unlawful possession of a handgun carries a minimum sentence of forty-two (42) months without parole, up to a maximum sentence of ten (10) years. *See* N.J.S.A. § 2C:43-6(a)(2), (c).

31.     Under New Jersey law, a QRLEO domiciled in New Jersey is exempt from prosecution for possession of a handgun only if he or she obtains a New Jersey "retired police officer ("RPO") permit."

32.     But to obtain a New Jersey RPO permit, a QRLEO must meet certain additional requirements not required by LEOSA, must submit and pay for an application, and must receive approval from the Superintendent of State Police, which may be withheld in the Superintendent's sole discretion.

33.     Moreover, an RPO permit will not be issued to certain individuals that otherwise meet the requirements of LEOSA and are a QRLEO.

34.     To qualify for an RPO permit, a QRLEO must: (a) have retired in good standing, including a disability retirement from a law enforcement position in which the individual worked for at least four years before such disability retirement; (b) semi-annually qualify to use the firearm for which the exemption is sought, pursuant to the Attorney General's regulations; (c) be seventy-five or younger; (d) as relevant here, be a qualified retired law enforcement officer within the meaning of LEOSA; and (e) be domiciled in New Jersey. *See* N.J.S.A. § 2C:39-6l.

35.     In addition, to qualify for the exemption, a retired law enforcement officer must submit a written application to the Superintendent of State Police. *See* N.J.S.A. § 2C:39-6l(1).

36.     A QRLEO must pay $50.00 just to apply for a "retired officer permit."

37.     If a QRLEO's application is approved and a permit is granted, he or she must pay an additional $50.00 every year to renew their permit and must pay for and qualify twice per year at a New Jersey designated firearms range.

38.     Under New Jersey law, once a QRLEO turns seventy-five years old, he or she is no longer eligible for an RPO permit.

39.     But even if a QRLEO meets the criteria above, the Superintendent of State Police has the sole discretion to deny a QRLEO's application for an RPO permit, subject to an appeal to the Superior Court of New Jersey within thirty days of denial.

### The Attorney General's Guidance

40.     On October 12, 2018, the Office of the Attorney General, Department of Law and Public Safety published a document titled "Frequently Asked Questions Concerning Retired Law Enforcement Officer Permits to Carry Firearms and the Federal Law Enforcement Officer Safety Act of 2004 (LEOSA)" ("the FAQ"). *See* Exhibit 1.

41.     In violation of LEOSA, the FAQ states: "Every RLEO residing in New Jersey who wishes to carry a firearm must meet the New Jersey statutory standards and obtain a retired officer permit to carry (RPO permit) in accordance with N.J.S.A. 2C:39-6(L)." Exhibit 1 at ¶ 1.

42.   The FAQ also advises: "LEOSA . . . does not provide an alternate path to eligibility to carry a firearm where . . . an RLEO living in New Jersey is not eligible for an RPO permit under State law." Exhibit 1 at ¶ 2.

43.   The FAQ further states: "An RLEO must have in his or her possession at all times while carrying a firearm the identification card issued by the New Jersey State Police Superintendent and a card demonstrating proof of qualification twice a year in the use of the handgun he or she is permitted to carry." Exhibit 1 at ¶ 3.

44.   In addition, the FAQ explains that QRLEOs who qualify under LEOSA and obtain an RPO permit are nonetheless prohibited from carrying hollow point ammunition. Exhibit 1 at ¶ 4.

45.   In other words, to carry a concealed firearm without the possibility of prosecution in New Jersey, a QRLEO must satisfy the additional requirements of N.J.S.A. 2C:39-6, and possess an RPO permit, even if he or she is already qualified under LEOSA to carry a concealed firearm.

46.   Moreover, even with an RPO permit, the QRLEO cannot carry hollow point ammunition, even though LEOSA authorizes a QRLEO to carry such ammunition.

**The Individual Plaintiffs**

***Plaintiff Richard Bowen***

47.     Plaintiff Richard Bowen ("Bowen") is a retired federal law enforcement officer, who retired from the United States Secret Service after serving that agency as a Special Agent for twenty-eight years.

48.     Bowen is a QRLEO under LEOSA and possesses an identification from the United States Secret Service that complies with LEOSA.

49.     Even though he is qualified to carry a concealed firearm under LEOSA, since 2012 Bowen has applied for, and received, a New Jersey RPO permit.

50.     Since then, he has continued to renew his RPO permit, which requires him to pay a $50 annual renewal fee, as well as to qualify twice a year on the firearms to which his RPO permit applies, at his own expense.

51.     Moreover, Bowen will turn seventy-five years old in approximately nineteen months.

52.     Once that occurs, he is no longer eligible for an RPO permit and will be subject to prosecution if he carries a concealed firearm in New Jersey.

***Joseph Jakubiec***

53.     Plaintiff Joseph Jakubiec ("Jakubiec") is a retired federal law enforcement officer, who retired from the United States Postal Inspection Service after serving

that agency as a law enforcement officer with Top Secret clearance for twenty-eight years.

54.    Jakubiec is a QRLEO under LEOSA.

55.    After his retirement, Jakubiec received an identification from the United States Postal Inspection Service that complies with LEOSA.

56.    In 2015, Jakubiec applied for an RPO permit, which the Superintendent of State Police denied.

57.    Jakubiec appealed the denial of his RPO permit application to the Superior Court of New Jersey, Law Division, Criminal Part in Monmouth County, and his appeal was denied.

58.    As a result, although Jakubiec is a QRLEO and has a right to carry a concealed firearm, the State of New Jersey is denying that right.

### Christopher Martinez

59.    Plaintiff Christopher Martinez ("Martinez") is a retired federal law enforcement officer, who retired from the United States Department of Homeland Security, Homeland Security Investigations, and the former U.S. Customs Service, Office of Investigations after serving as a law enforcement officer for over twenty-seven years.

60.    Martinez is a QRLEO under LEOSA and possesses an identification from the United States Department of Homeland Security that complies with LEOSA.

12

61.    Anticipating that he would be permitted to carry a concealed firearm in New Jersey, shortly before he retired Martinez purchased a firearm.

62.    In 2015, Martinez applied for a New Jersey RPO permit, but his application was returned – ostensibly because the photograph (which was a passport-quality photograph) was on an incorrect background.

63.    Because the Superintendent of State Police appeared to arbitrarily deny his RPO permit application, Martinez has been deterred from reapplying for an RPO permit.

64.    As a result, although Martinez has a right to carry a concealed firearm under LEOSA, the State of New Jersey is denying that right.

## COUNT I
## (42 U.S.C. § 1983)

65.    Plaintiffs incorporate and reallege the previous paragraphs of the Complaint as if set forth herein.

66.    LEOSA confers a federal statutory right for "qualified retired law enforcement officers" to carry a concealed firearm anywhere in the United States with the proper identification issued from the QRLEO's former agency.

67.    The right is concrete and is within the competence of the judiciary to enforce – if an individual meets the statutory criteria of a "qualified retired law enforcement officer" and carries the identification required under LEOSA, he or she is entitled under federal law to carry a concealed firearm.

68.     LEOSA imposes a binding obligation on the individual states, including New Jersey, to allow a QRLEO to carry a concealed firearm, and not to prosecute individuals for unlawful possession of a concealed firearm.

69.     LEOSA also imposes a clear and binding obligation on the individual states, including New Jersey, not to impose additional and undue burdens on an individual who is a "qualified retired law enforcement officer" and is carrying the identification required under LEOSA, before he or she may carry a concealed firearm in the State.

70.     FLEOA and NJFOP's members include all "qualified retired law enforcement officers" who are entitled to carry a concealed firearm under LEOSA, but are nonetheless subject to the State of New Jersey's RPO permit laws.

71.     Plaintiffs Richard Bowen, Joseph Jakubiec, and Christopher Martinez are all "qualified retired law enforcement officers" under LEOSA and are entitled to exercise their right to carry a concealed firearm within the State of New Jersey without fear of prosecution and without being required to undergo additional burdens imposed by the State.

72.     By stating its intention to enforce N.J.S.A. § 2C:39-5 and N.J.S.A. § 2C:39-6l as to individuals who are otherwise qualified to carry a concealed firearm under LEOSA, including members of FLEOA and NJFOP and the individual plaintiffs, Defendant and the State of New Jersey have denied Plaintiffs their rights conferred by LEOSA.

73.    Defendant's actions, policies, practices, and customs therefore have deprived FLEOA, NJFOP, their members, and the individual plaintiffs their federal rights under the law of the United States, in violation of 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiffs request judgment as follows:

a.    Enjoining the State of New Jersey, the Attorney General, and the Superintendent of State Police from arresting and prosecuting under N.J.S.A. § 2C:39-5b those individuals who meet the qualifications under LEOSA, 18 U.S.C. § 926C;

b.    Enjoining the State of New Jersey, the Attorney General, and the Superintendent of State Police from requiring individuals who otherwise meet the qualification standards under LEOSA, 18 U.S.C. § 926C, to obtain a retired officer permit from the Superintendent of State Police

c.    Enjoining the State of New Jersey, the Attorney General, and the Superintendent of State Police from imposing any other conditions to carry a firearm not specifically required by LEOSA, 18 U.S.C. § 926C; and

d.    For Plaintiffs' attorneys' fees and costs; and

e.    For all such other relief as this Court deems appropriate.

### COUNT II
### (Declaratory Judgment)

74.    Plaintiffs incorporate and reallege the previous paragraphs of the Complaint as if set forth herein.

75.    Under the Supremacy Clause of the United States Constitution, a state law is preempted when it is expressly preempted or "stands as an obstacle to the

accomplishment and execution of the full purposes and objectives of Congress."

*Hines v. Davidowitz*, 312 U.S. 52, 67 (1941).

76.    LEOSA expressly preempts inconsistent state laws related to possession of

concealed firearms. It provides:

> **Notwithstanding any other provision of the law of any State or any political subdivision thereof**, an individual who is a qualified retired law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b).

18 U.S.C. § 926C(a) (emphasis added).

77.    LEOSA, provides a national right for QRLEOs to carry concealed firearms

anywhere in the United States, including New Jersey.

78.    The statutory right in LEOSA applies if an individual is a "qualified retired

law enforcement officer" and carries identification required by LEOSA.

79.    Notwithstanding the statutory right to carry created by LEOSA, New Jersey

established a state-specific scheme for QRLEOs domiciled in New Jersey to carry

concealed firearms without prosecution, in clear violation of the federal statute.

80.    New Jersey law is preempted by LEOSA in the following ways:

   A.    <u>Separate permit requirement</u>. It subjects a QRLEO who is qualified to carry a concealed firearm under LEOSA to criminal prosecution, unless the QRLEO obtains a separate RPO permit from the Superintendent of State Police. All that LEOSA requires is that the QRLEO be "qualified" and carry a LEOSA identification from his or her former agency.

B.   <u>Separate qualification standards</u>. It obligates a QRLEO who is qualified to carry a concealed firearm under LEOSA to apply for a state-issued RPO permit, which requires different and more onerous standards than LEOSA.

C.   <u>Separate permit fees</u>. It requires a QRLEO who is qualified to carry a concealed firearm under LEOSA to pay a $50.00 annual fee for an RPO permit, contrary to LEOSA.

D.   <u>Unfettered discretion to deny permit</u>. It affords the Superintendent of State Police unfettered discretion to deny a QRLEO's application for an RPO permit, even if the QRLEO is otherwise qualified to carry a concealed firearm under LEOSA.

E.   <u>Semi-annual firearms qualification</u>. It requires a QRLEO who is qualified to carry a concealed firearm under LEOSA to undergo semi-annual firearms qualifications, while LEOSA requires only annual qualification.

F.   <u>Age restrictions</u>. It prohibits an individual who qualifies under 18 U.S.C. § 926C from obtaining an RPO permit, if that individual is over seventy-five years old, while LEOSA does not have an age limit.

G.   <u>Ammunition restrictions</u>. It prohibits a QRLEO who is qualified to carry a concealed firearm under LEOSA from carrying hollow point ammunition, contrary to LEOSA.

81.   Many members of FLEOA and NJFOP are QRLEOs domiciled in New Jersey, who are qualified to carry a concealed firearm in the State of New Jersey under LEOSA.

82.   Plaintiffs Richard Bowen, Joseph Jakubiec, and Christopher Martinez are all domiciled in New Jersey and are all qualified to carry a concealed firearm in the State of New Jersey under LEOSA.

83.     Plaintiffs and the State of New Jersey have a genuine and current controversy as to the application of New Jersey law to FLEOA and NJFOP's members, including the individual plaintiffs who are members of FLEOA, who are qualified to carry a concealed firearm under LEOSA. The controversy exists because of the following:

> A.     These members may nonetheless be subject to prosecution under New Jersey law for possession of a concealed firearm if they do not have an RPO permit.

> B.     To avoid prosecution under New Jersey law, these members are forced to apply for an RPO permit before they may carry a concealed firearm in New Jersey.

> C.     These members' applications may be denied in the sole discretion of the Superintendent of State Police.

> D.     Even if these members' applications are granted and they receive an RPO permit, they may nonetheless be subject to prosecution under New Jersey law for possession of hollow point ammunition.

84.     Plaintiffs and the State of New Jersey have a genuine and current controversy as to the application of N.J.S.A. § 2C:39-5b and N.J.S.A. § 2C:39-6l, to FLEOA and NJFOP's members who are qualified to carry a concealed firearm under LEOSA, but do not meet the criteria for disability retirement in N.J.S.A. § 2C:39-6l. The controversy exists because these members are unable to obtain an RPO permit and, therefore, are unable to carry a concealed firearm in New Jersey.

85.     In addition, Plaintiffs and the State of New Jersey have a genuine and current controversy as to the application of N.J.S.A. § 2C:39-5b and N.J.S.A. § 2C:39-6l, to FLEOA and NJFOP's members who are qualified to carry a concealed firearm under

LEOSA, but have not obtained a semi-annual firearms qualification. The controversy exists because these members are unable to obtain an RPO permit and, therefore, are unable to carry a concealed firearm in New Jersey.

86.    Plaintiffs and the State of New Jersey have a genuine and current controversy as to the application of N.J.S.A. § 2C:39-5b and N.J.S.A. § 2C:39-6l, to FLEOA and NJFOP's members, who are qualified to carry a concealed firearm under LEOSA, but are older than seventy-five (75). The controversy exists because these members are unable to obtain an RPO permit and, therefore, are unable to carry a concealed firearm in New Jersey.

87.    Plaintiffs and the State of New Jersey have a genuine and current controversy as to the application of N.J.S.A. § 2C:39-5b and N.J.S.A. § 2C:39-6l, to FLEOA and NJFOP's members, who are qualified to carry a concealed firearm under LEOSA, but will soon be older than seventy-five (75), including Bowen. The controversy exists because these members will be unable to obtain an RPO permit when they turn seventy-five (75) and, therefore, will be unable to carry a concealed firearm in New Jersey.

88.    Both Plaintiffs and the State of New Jersey have a stake in this controversy which, once resolved, will have a direct and immediate effect on the parties.

89.    A judicial determination resolving this actual controversy is necessary and appropriate at this time.

**WHEREFORE**, Plaintiffs request a judgment as follows:

f.    Declaring, pursuant to 28 U.S.C. § 2201, that N.J.S.A. § 2C:39-6l is preempted as it applies to individuals who meet the qualifications under LEOSA, 18 U.S.C. § 926C;

g.    Enjoining the State of New Jersey, the Attorney General, and the Superintendent of State Police from arresting and prosecuting under N.J.S.A. § 2C:39-5b those individuals who meet the qualifications under LEOSA, 18 U.S.C. § 926C;

h.    Enjoining the State of New Jersey, the Attorney General, and the Superintendent of State Police from requiring individuals who otherwise meet the qualification standards under LEOSA, 18 U.S.C. § 926C, to obtain a retired officer permit from the Superintendent of State Police

i.    Enjoining the State of New Jersey, the Attorney General, and the Superintendent of State Police from imposing any other conditions to carry a firearm not specifically required by LEOSA, 18 U.S.C. § 926C; and

j.    For all such other relief as this Court deems appropriate.

Dated: May 11, 2020                    */s/ Nicholas Harbist*
                                       **BLANK ROME LLP**
                                       *A Pennsylvania LLP*
                                       STEPHEN M. ORLOFSKY, ESQ.
                                       NICHOLAS C. HARBIST, ESQ.
                                       New Jersey Resident Partners
                                       MICHAEL R. DARBEE, ESQ.
                                       BLAIR A. GEROLD, ESQ.
                                       300 Carnegie Center, Suite 220
                                       Princeton, New Jersey 08540
                                       Tel.: 609-750-2646
                                       Fax: 609-897-7286
                                       Orlofsky@BlankRome.com
                                       Harbist@BlankRome.com
                                       MDarbee@BlankRome.com
                                       BGerold@BlankRome.com
                                       *Attorneys for Plaintiffs*

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Pursuant to Local Civil Rule 11.2, I certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court, or of any arbitration or administrative proceeding.

Dated: May 11, 2020                               */s/ Nicholas Harbist*
                                                  NICHOLAS C. HARBIST

EXHIBIT 1



### State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
PO BOX 080
TRENTON, NJ 08625-0081

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

GURBIR S. GREWAL
*Attorney General*

JENNIFER E. FRADEL
*Administrator*

October 12, 21018

## FREQUENTLY ASKED QUESTIONS
## CONCERNING RETIRED LAW ENFORCEMENT OFFICER
## PERMITS TO CARRY FIREARMS AND THE FEDERAL LAW
## ENFORCEMENT OFFICER SAFETY ACT OF 2004 (LEOSA)

**1.      Who can qualify for a retired law enforcement officer permit to carry a firearm?**

N.J.S.A. 2C:39-6(L) sets forth the requirements for a permit to carry by a retired law enforcement officer (RLEO).  Every RLEO residing in New Jersey who wishes to carry a firearm must meet the New Jersey statutory standards and obtain a retired officer permit to carry (RPO permit) in accordance with N.J.S.A. 2C:39-6(L).

**2.      Does LEOSA provide an alternate path for RLEOs living in New Jersey to carry a firearm without applying for an RPO permit under State law?**

No.  The purpose of LEOSA is to bar criminal prosecution of retired LEOs who carry concealed firearms in interstate commerce. See In re Casaleggio, 420 N.J. Super. 121, 128 (App. Div. 2011).  In enacting LEOSA, the drafters explained that the law was "designed to protect officers and their families from vindictive criminals, and to allow thousands of equipped, trained and certified law enforcement officers, whether on-duty, off-duty or retired, to carry concealed firearms in situations where they can respond immediately to a crime across state and other jurisdictional lines."  Cassaleggio, 420 N.J. Super. at 127.  The New Jersey Legislature's amendment to N.J.S.A. 2C:39-6(L) to include reference to LEOSA was made "to permit retired law enforcement officers from other states ... who are domiciled in New Jersey to carry a firearm, provided they meet the same training and qualification standards that New Jersey retirees must meet under the law."  Cassaleggio, 420 N.J.Super. at 128.  LEOSA therefore does not provide an



*New Jersey is an Equal Opportunity Employer · Printed on Recycled Paper and Recyclable*

October 12, 2018

alternate path to eligibility to carry a firearm where an RLEO living in New Jersey is not eligible for an RPO permit under State law. Cassaleggio, 420 N.J.Super. at 128-29.

**3.    If a retiree only wants to carry for personal protection, can they just qualify twice a year?**

An RLEO must meet each of the requirements of N.J.S.A. 2C:39-6(L) in order to carry a firearm, even if they only intend to do so for personal protection.  Also, an RLEO must have in his or her possession at all times while carrying a firearm the identification card issued by the New Jersey State Police Superintendent and a card demonstrating proof of qualification twice a year in the use of the handgun he or she is permitted to carry.

If the RLEO wants to carry across state lines, LEOSA requires that the RLEO qualify with their handgun in the same manner as active police officers.  Therefore, if a New Jersey RLEO wants to carry across state lines, he or she must qualify twice a year in the same manner, and using the same standards, as the Attorney General Guidelines require for active duty police officers.

**4.    Can retirees carry hollow point bullets, and does LEOSA provide any additional authority outside of New Jersey law to carry hollow point bullets?**

No, New Jersey RLEOs cannot carry hollow point bullets.  N.J.S.A. 2C:39-3(f) states that, (with very few narrow exceptions (none of which apply to an RLEO), only active law enforcement officers are authorized to carry hollow point bullets.  LEOSA does not provide any additional authority for an RLEO residing in New Jersey to carry hollow point bullets because it is impermissible under State law.

**5.    Generally, what ammunition is acceptable?**

RLEOs can generally use any type of commercially available ammunition, so long as it is not hollow point.  Pursuant to N.J.S.A. 2C:39-17 (effective June 13, 2018), an RLEO may possess and carry a large capacity ammunition magazine which is capable of holding up to 15 rounds of ammunition that can be fed continuously and directly into a semi-automatic handgun.  However, pursuant to N.J.S.A. 2C:39-20 (effective August 12, 2018), any RLEO who carries a large capacity magazine capable of holding up to 15 rounds must separately register the firearm with the New Jersey State Police.

**6.    Are retirees required to have a flashlight with them if they are carrying at night?**

No.  The flashlight is required only for qualifying in order to meet the LEOSA standards, which require that RLEOs carrying firearms across state lines qualify with their handgun in the same manner as active duty law enforcement officers.  Since 2003, the Attorney General's Guidelines on Semi-Annual Firearms Qualification and Requalification Standards for New Jersey Law Enforcement require all active duty police officers to carry a handheld or gun-mounted light during the handgun night qualification course.

October 12, 2018

**7.    Does a retired law enforcement officer have to qualify with each firearm he or she intends to carry?**

Yes, if an RLEO wants to carry different firearms, he or she must qualify with each firearm pursuant to N.J.S.A. 2C:39-6(L), which provides that the retired LEO qualify twice a year "in the use of the handgun he is permitted to carry."

**a.    Is it acceptable to carry a similar type of firearm as the one the RLEO used to qualify?**

No.  RLEOs must qualify with each firearm he or she wishes to carry pursuant to N.J.S.A. 2C:39-6(L).  The model and serial number of each firearm must be set forth on the RPO Firearms Record pursuant to the Attorney General's Guidelines on Semi-Annual Firearms Qualification and Requalification Standards for New Jersey Law Enforcement (Definition of "Firearms Record").

**8.    Does LEOSA only allow the concealed carrying of firearms?**

Yes.  LEOSA only permits concealed carrying of firearms by RLEOs.  18 U.S.C. 926C(a) provides: "Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified retired law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b)." (Emphasis added.)

**9.    Does New Jersey law allow retired law enforcement officers to openly carry firearms?**

Generally yes, as New Jersey law does not distinguish between open and concealed carry for any person who receives a permit to carry a firearm, except whatever limitations the court may place on the person in issuing the permit.

**10.   Does the Security Officer Registration Act (SORA) authorize security officers to carry firearms openly?**

SORA does not address how a security officer may be permitted to carry a firearm.  A Security Officer Company will generally request whatever limitations it deems appropriate on the permit application for a particular employee, for example, authorization to carry only while on shift or while working and commuting.

**11.   What documents should the retiree have on them when they are carrying?**

a.    An NJ RLEO must have their NJ-issued RPO permit with them at all times while carrying a firearm, whether openly or concealed.

b.    An out of state RLEO traveling into or through New Jersey, or an NJ RLEO traveling outside of NJ, must have either (1) an ID card issued by the agency

3

from which the individual separated from service as an LEO indicating that the person was employed as an LEO and has been qualified in the past 12 months in the firearms qualification test for active duty officers; or (2) an ID card from the agency from which the LEO retired identifying the person as having been employed as an LEO and a certification from the State in which the person resides that indicates that the person qualified in the past 12 months in the firearms qualification test for active duty officers.  See 18 U.S.C. 926C(d).

**12.   When can a person privately transfer or sell a firearm without using a licensed retail dealer?**

Generally, all private firearms transfers must be conducted through a licensed retail dealer so that the parties to the transaction are subject to a background check.  N.J.S.A. 2C:58-3(a)(2) (effective June 13, 2018) creates a limited exception to the general rule.  This limited exception allows private transfers without a background check only between (a) members of an immediate family; (b) law enforcement officers; (c) collectors; or (d) where the transfer is only temporary.

**a.  What is the definition of "family?"**

The term "immediate family" is defined in N.J.S.A. 2C:58-3(n) as: a spouse, domestic partner as defined in N.J.S.A. 26:8A-3, partner in a civil union as defined in N.J.S.A. 37:1-29, parent, stepparent, grandparent, sibling, stepsibling, child, stepchild, and grandchild, as related by blood or by law.

**b.  What is the definition of "law enforcement?"**

The term "law enforcement officer" in the amendment only applies to current active law enforcement officers, not RLEOs.

**13.   Who can qualify to be a "qualified firearms instructor?"  Is there any difference under LEOSA or New Jersey law?**

In order to become a "qualified firearms instructor" eligible to conduct firearms qualification courses for RLEOs, an instructor must make an application to the State Police and provide a certification that they are a qualified firearms instructor pursuant to Police Training Commission standards, NRA standards, or NJSP standards. Approved applicants will be added to the list of qualified firearms instructors maintained by the State Police. LEOSA standards for qualified firearms instructors are generally similar, but a LEOSA instructor who is not registered with the NJSP cannot issue a qualification for purposes of New Jersey law.