# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FEDERAL LAW ENFORCEMENT OFFICERS ASSOCIATION**, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 3:20-cv-5762-MAS-TB |
| **GURBIR GREWAL**, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

# STATEMENT OF INTEREST OF THE UNITED STATES OF AMERICA

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1

BACKGROUND ...................................................................................................................... 1

DISCUSSION ........................................................................................................................... 3

CONCLUSION ......................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**

*Burban v. City of Neptune Beach*,
    920 F.3d 1274 (11th Cir. 2019) .................................................................................. 1, 4, 5, 6

*Carey v. Throwe*,
    957 F.3d 468 (4th Cir. 2020) ........................................................................................ 4, 5, 6

*Cole v. Monroe County*,
    359 F. Supp. 3d 526 (E.D. Mich. 2019) ........................................................................... 4, 6

*D'Aureli v. Harvey*,
    2018 WL 704733 (N.D.N.Y. Feb. 2, 2018) ......................................................................... 6

*DuBerry v. District of Columbia*,
    824 F.3d 1046 (D.C. Cir. 2016) .................................................................................... 4, 6, 7

*Henrichs v. Ill. Law Enforcement Training & Standards Bd.*,
    306 F. Supp. 3d 1049 (N.D. Ill. 2018) ......................................................................... 4, 5, 6

*Johnson v. N.Y. State Dep't of Correctional Servs.*,
    709 F. Supp. 2d 178 (N.D.N.Y. 2010) ................................................................................ 6

*Lambert v. Fiorentini*,
    949 F.3d 22 (1st Cir. 2020) .................................................................................................. 6

*Moore v. Trent*,
    2010 WL 5232727 (N.D. Ill. Dec. 16, 2010) ....................................................................... 6

**STATUTES**

18 U.S.C. § 926C ................................................................................................................*passim*

28 U.S.C. § 517 .............................................................................................................................. 1

N.J. Stat. Ann. § 2C:39-6(l) ................................................................................................. 2, 3, 5

**ADMINISTRATIVE AND EXECUTIVE MATERIALS**

42 Fed. Reg. 10,673 (Mar. 4, 2005) .............................................................................................. 2

## INTRODUCTION

Pursuant to 28 U.S.C. § 517,[1] the United States of America hereby submits this Statement of Interest in order to attend to its interests concerning the application of the Law Enforcement Officers Safety Act (LEOSA), 18 U.S.C. § 926C. LEOSA "permits qualified . . . retired law enforcement officers who meet certain conditions to carry a concealed firearm anywhere in the United States, even if State or local law would ordinarily prohibit it." *Burban v. City of Neptune Beach*, 920 F.3d 1274, 1277 (11th Cir. 2019). Plaintiffs, three retired federal officers, allege that they meet the relevant conditions under LEOSA, but that New Jersey forbids them to carry a concealed weapon unless they obtain a separate state permit. It is the position of the United States that LEOSA means exactly what it says: that "a qualified retired law enforcement officer . . . who is carrying the identification required" by LEOSA may "carry a concealed firearm" "[n]otwithstanding any other provision of the law of any State," including the state in which he resides. 18 U.S.C. § 926C(a).

## BACKGROUND

LEOSA authorizes qualified retired law enforcement officers (QRLEOs) who meet certain conditions to carry concealed firearms "[n]otwithstanding any other provision of the law of any State." 18 U.S.C. § 926C(a). Under LEOSA, "an individual who is a qualified retired law enforcement officer and who is carrying the identification required by [LEOSA, 18 U.S.C. § 926C(d)] . . . may carry a concealed firearm," *id.*, subject to limitations not relevant here. LEOSA's definition of "firearm" "includes ammunition not expressly prohibited by Federal law

---

[1] 28 U.S.C. § 517 provides that "any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, . . . or to attend to any other interest of the United States."

1

or subject to the provisions of the National Firearms Act." *Id.* § 926C(e)(1)(B).  To be valid for purposes of LEOSA, the required identification must be "a photographic identification issued by the agency from which the individual separated from service as a law enforcement officer." *Id.* § 926C(d)(1), (2)(A).  The retired officer must also obtain an annual safety certification, which may be included in the identification issued by his former agency, *id.* § 926C(d)(1), or separately "issued by the State in which the individual resides or by a [State-]certified firearms instructor," *id.* § 926C(d)(2)(B).

Plaintiffs are three retired federal law enforcement officers who reside in New Jersey, along with associated organizations.  Their complaint asserts that each individual plaintiff is a QRLEO as defined by LEOSA, and that each possesses a LEOSA-compliant photo identification issued by a federal agency.  Compl. ¶¶ 48, 54–55, 60.  Like other federal agencies, the agencies from which plaintiffs retired do not provide safety certifications to their former officers.  *See, e.g.*, 42 Fed. Reg. 10,673, 10,675 (Mar. 4, 2005) (providing that, because DOJ "components shall not themselves train or qualify retired employees to carry firearm," "[i]n order to be authorized under [LEOSA] to carry a firearm, a [QRLEO] from a DOJ component must qualify pursuant to 18 U.S.C. § 926C(d)(2)(B), and in accordance with state standards for active LEOs").  Plaintiffs therefore only possess "the identification required by [LEOSA]," 18 U.S.C. § 926C(a), if they have obtained safety certifications "issued by [New Jersey] or by a [New Jersey-]certified firearms instructor."  18 U.S.C. § 926C(d)(2)(B).

New Jersey law contains its own scheme for licensing retired officers to carry concealed handguns "in the same manner as [active] law enforcement officers."  N.J. Stat. Ann. § 2C:39-6(*l*).  The state permitting scheme applies to "a qualified retired law enforcement officer, as used in the federal 'Law Enforcement Officers Safety Act of 2004,' Pub. L. 108-277," *id.*, as well as to other

2

categories of retired officers. Under the New Jersey statute, a retired officer must annually apply to the Superintendent of State Police, *id.* § 2C:39-6(*l*)(1), who "shall issue to an approved retired officer an identification card permitting the retired officer to carry a handgun," *id.* § 2C:39-6(*l*)(4). Retired officers must also obtain a semi-annual safety qualification, and pay the fees associated with that safety assessment and the separate permitting process; they cannot receive a permit after the age of 75. *Id.* § 2C:39-6(*l*). New Jersey issues permits to both retired state and retired federal law enforcement officers.

In 2018, the New Jersey Attorney General's office published a document entitled "Frequently Asked Questions Concerning Retired Law Enforcement Officer Permits to Carry Firearms and the Federal Law Enforcement Officer Safety Act of 2004 (LEOSA)," which is appended to the complaint. ECF No. 1 at 23–26. The FAQ, at 1, says that "N.J.S.A. 2C:39-6(L) sets forth the requirements for a permit to carry by a retired law enforcement officer (RLEO)," and that "[e]very RLEO residing in New Jersey who wishes to carry a firearm must meet the New Jersey statutory standards and obtain a retired officer permit to carry (RPO permit) in accordance with N.J.S.A. 2C:39-6(L)." It asserts that "LEOSA . . . does not provide an alternate path to eligibility to carry a firearm where an RLEO living in New Jersey is not eligible for an RPO permit under State law." *Id.* at 1–2. The FAQ also states that "New Jersey RLEOs cannot carry hollow point bullets," and that "LEOSA does not provide any additional authority for an RLEO residing in New Jersey to carry hollow point bullets because it is impermissible under State law." *Id.* at 2.

## DISCUSSION

This case presents a very simple question: may "a qualified retired law enforcement officer . . . who is carrying the identification required" by LEOSA "carry a concealed firearm" "[n]otwithstanding any other provision of the law of any State"? *See* 18 U.S.C. § 926C(a). Under

3

the plain language of the statute, the answer to that question is yes, as three federal courts of appeals and several district courts have affirmed. *Carey v. Throwe*, 957 F.3d 468, 478 (4th Cir. 2020) ("LEOSA permits retired law enforcement officers, under certain conditions, to carry a concealed firearm notwithstanding most state or federal laws."); *Burban v. City of Neptune Beach*, 920 F.3d 1274, 1277 (11th Cir. 2019) ("LEOSA permits qualified . . . retired law enforcement officers who meet certain conditions to carry a concealed firearm anywhere in the United States, even if State or local law would ordinarily prohibit it."); *DuBerry v. District of Columbia*, 824 F.3d 1046, 1052 (D.C. Cir. 2016) ("Congress used categorical language in the 'notwithstanding' clause of subsection (a), to preempt state and local law to grant qualified law enforcement officers the right to carry a concealed weapon."); *Cole v. Monroe County*, 359 F. Supp. 3d 526, 533 (E.D. Mich. 2019) ("LEOSA does require states to permit a qualified retired law enforcement officer who 'is carrying the identification required by subsection (d)' to carry a concealed weapon."); *Henrichs v. Ill. Law Enforcement Training & Standards Bd.*, 306 F. Supp. 3d 1049, 1052 (N.D. Ill. 2018) (LEOSA "gives retired law enforcement officers satisfying certain requirements the right, notwithstanding any state or local law to the contrary, to carry a concealed weapon." (citation omitted)).

The crux of plaintiffs' complaint is that New Jersey has impermissibly sought to condition the exercise of their federal LEOSA rights upon compliance with the additional state law requirement of obtaining an RPO permit. Plaintiffs also assert an entitlement to carry hollow-point bullets, which are within LEOSA's definition of "firearm" because they are "not expressly prohibited by Federal law or subject to the provisions of the National Firearms Act." 18 U.S.C. § 926C(e)(1)(B).

In its motion to dismiss, New Jersey appears to misconstrue Plaintiffs' complaint as

4

seeking to compel the issuance of state RPO permits, as described in N.J. Stat. Ann. § 2C:39-6(*l*). New Jersey argues that federal law does not—and could not—require it to issue identification to retired officers on anything other than its own terms. *See, e.g.*, Mot. to Dismiss at 15, ECF No. 10-3 at 22 (arguing that "LEOSA does not require the states to issue photographic identification *at all*"); *id.* at 19, ECF No. 10-3 at 26 ("Simply put, as . . . many federal courts have held, 'absent an obligation on the States to issue subsection (d) identifications, there is no enforceable right to such identification under § 1983.'" (quoting *Henrichs*, 306 F. Supp. 3d at 1056)); *id.* at 22, ECF No. 10-3 at 29 ("Plaintiffs incorrectly assert that 18 U.S.C. § 926C preempts N.J. Stat. Ann. § 2C:39-6(l)—the State's law regarding issuance of LEOSA identification—even though the former expressly leaves it to the states to determine how to issue that identification, if a state chooses to do so at all."); *id.* at 23, ECF No. 10-3 at 30 ("LEOSA does not require states to issue photographic identification under any circumstances, nor does it proscribe any states from adopting standards to determine to whom identification will be issued—rather, those decisions are left to state discretion.").

And indeed, many courts have concluded that LEOSA does not require a state or local agency to issue a photo identification to retired officers. Some have suggested that, were LEOSA to do so, the anti-commandeering principle embodied in the Tenth Amendment would raise significant questions about the statute's constitutionality. *Carey*, 957 F.3d at 480 (noting that "LEOSA contains no language—none—obligating states to issue any identification at all," and explaining that "the plain text of LEOSA . . . commit[s] entirely to the discretion of the states the decision of *whether* to issue identification and, should they choose to do so, *what* they may require of individuals seeking such a credential"); *Burban*, 920 F.3d at 1280, 1281 (concluding "that no provision of § 926C compels a State to issue identification," and that a contrary "interpretation of

5

§ 926C would, in our view, raise serious anticommandeering concerns"); *accord Henrichs*, 306 F. Supp. 3d at 1056; *D'Aureli v. Harvey*, 2018 WL 704733, at *6 (N.D.N.Y. Feb. 2, 2018); *Moore v. Trent*, 2010 WL 5232727, at *4 (N.D. Ill. Dec. 16, 2010); *Johnson v. N.Y. State Dep't of Correctional Servs.*, 709 F. Supp. 2d 178, 186, 188 (N.D.N.Y. 2010).

New Jersey relies almost entirely on such cases, in which retired *state or local* law enforcement officers asserted a *federal* right to compel their former state or local agencies to issue a LEOSA-compliant photo identification. *See Carey*, 957 F.3d at 479 (retired officer of the state natural resources police "seeks relief under § 1983 to get his LEOSA card reinstated"); *Lambert v. Fiorentini*, 949 F.3d 22, 25 (1st Cir. 2020) (retired city police officer); *Burban*, 920 F.3d at 1276 (retired police officer "sued the City of Neptune Beach, Florida seeking to have it issue her the type of identification card required by LEOSA"); *DuBerry*, 824 F.3d at 1048 (retired D.C. correctional officers); *Cole*, 359 F. Supp. 3d at 530 (retired sheriff's deputies); *Henrichs*, 306 F. Supp. 3d at 1053 (retired sheriff's deputies); *D'Aureli*, 2018 WL 704733 (retired state park police officer); *Moore*, 2010 WL 5232727, at *1 (retired state correctional officers); *Johnson*, 709 F. Supp. 2d at 181 (same).

But unlike its predecessors, this case does not concern retired officers seeking to obtain LEOSA identification cards from state agencies. *See* Compl. ¶¶ 48, 54–55, 60 (alleging that plaintiffs are retired federal officers who possess valid LEOSA identifications issued by their former federal agencies). And neither party has framed the case as concerning the issuance of state safety certifications.

Instead, New Jersey argues that LEOSA does not preempt state law—or, to the extent that it does, only preempts the law of states to which a retired officer travels, not the state in which he resides. New Jersey acknowledges that it "could not—and does not—prosecute a QRLEO from

6

another state who possesses a valid identification card issued by that state." Mot. to Dismiss at 24, ECF No. 10-3 at 31. But New Jersey argues that the point of LEOSA is to allow a retired officer to carry across state lines, if—but only if—he can carry in his home state. *See id.* at 27, ECF No. 10-3 at 24. This argument is incorrect: in 18 U.S.C. § 926C, "Congress used categorical language in the 'notwithstanding' clause of subsection (a), to preempt state and local law to grant qualified law enforcement officers the right to carry a concealed weapon." *DuBerry*, 824 F.3d at 1052.

If plaintiffs are, as they allege, qualified retired law enforcement officers within the meaning of LEOSA, and if they possess "the identification required by subsection (d)" of 18 U.S.C. § 926C, then—subject to limitations not relevant here—they "may carry a concealed firearm" "[n]otwithstanding any other provision of the law of any State." 18 U.S.C. § 926C(a). Because LEOSA's definition of "firearm" "includes ammunition not expressly prohibited by Federal law or subject to the provisions of the National Firearms Act," *id.* § 926C(e)(1)(B), which hollow-point bullets are not, this right to "carry a concealed firearm" includes the right to use hollow-point bullets with that firearm. Plaintiffs seek only a declaration affirming as much, and an injunction to require that New Jersey recognize this federal right. Under the plain text of LEOSA, if they in fact possess the identification required by subsection (d)—including a state safety certification—then they are entitled to that relief.

## CONCLUSION

It is the position of the United States that qualified retired law enforcement officers who possess "the identification required by subsection (d)" of 18 U.S.C. § 926C "may carry a concealed firearm," and use hollow-point bullets with that firearm, "[n]otwithstanding any other provision of the law of any State." 18 U.S.C. § 926C(a); *see id.* § 926C(e)(1)(B).

                    Respectfully submitted,

                    JEFFREY BOSSERT CLARK
                    Acting Assistant Attorney General

                    LESLEY FARBY
                    Assistant Director, Federal Programs Branch

                    */s/ James Bickford*
                    JAMES BICKFORD
                    Trial Attorney (N.Y. Bar No. 5163498)
                    United States Department of Justice
                    Civil Division, Federal Programs Branch
                    1100 L Street, NW
                    Washington, DC 20530
                    James.Bickford@usdoj.gov
                    Telephone: (202) 305-7632
                    Facsimile: (202) 616-8470

                    *Counsel for the United States*

Date: October 8, 2020