GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 116
Trenton, New Jersey 08625
Attorney for Defendants,
  Gurbir S. Grewal and Patrick J. Callahan

By: Bryan Edward Lucas (NJ Attorney ID No.: 108462015)
     Deputy Attorney General
     (973) 648-7811
     bryan.lucas@law.njoag.gov
     DOL No. 20-01196

| | |
|---|---|
| FEDERAL LAW ENFORCEMENT OFFICERS ASSOCIATION, NEW JERSEY FRATERNAL ORDER OF POLICE, RICHARD BOWEN, JOSEPH JAKUBIEC, and CHRISTOPHER MARTINEZ,<br><br>　　Plaintiffs,<br><br>　v.<br><br>GURBIR GREWAL, in his official capacity as Attorney General of the State of New Jersey, and PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police,<br><br>　　Defendants. | Hon. Michael A. Shipp, U.S.D.J.<br>Hon. Tonianne J. Bongiovanni, U.S.M.J.<br><br>Docket No. 3:20-cv-05762-MAS-TJB<br><br>**CIVIL ACTION**<br><br>**ANSWER OF DEFENDANTS GURBIR S. GREWAL AND PATRICK J. CALLAHAN**<br><br>(Electronically Filed) |

　　Gurbir S. Grewal and Patrick J. Callahan, hereinafter referred to as

"Answering Defendants," through their counsel, Gurbir S. Grewal, Attorney General

of the State of New Jersey, Deputy Attorney General Bryan Edward Lucas appearing, hereby answer Plaintiffs' Complaint as follows:

## STATEMENT OF THE CASE

1. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit only that "Plaintiffs seek a declaration that the New Jersey laws are preempted and seek a judgment that the enforcement of those laws violates their federal rights." Answering Defendants aver that Plaintiffs are not entitled to any such relief and deny all other allegations in this paragraph.

## JURISDICTION AND VENUE

2. This paragraph sets forth Plaintiffs' jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

3. This paragraph sets forth Plaintiffs' venue allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, Answering Defendants admit that venue is proper in this District.

# PARTIES

4.     Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

5.     Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

6.     Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

7.     Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

8.     Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

9.     Admitted that Defendant Gurbir Grewal is the Attorney General of New Jersey and the State's chief law enforcement officer pursuant to the New Jersey Constitution and the Criminal Justice Act of 1970, N.J. Stat. Ann. §§ 52:17B-97 to -117. Answering Defendants deny all other allegations in this paragraph.

10. Admitted that Defendant Patrick J. Callahan is the Superintendent of the New Jersey State Police. Answering Defendants deny all other allegations in this paragraph.

## FACTS

### The Law Enforcement Officers Safety Act

11. Answering Defendants deny that the statements contained in this paragraph require a response as they do not constitute allegations asserted against them, pursuant to Fed. R. Civ. P. 8(b)(1)(B), and thus are considered denied under Fed. R. Civ. P. 8(b)(6).

12. Answering Defendants deny that the statements contained in this paragraph require a response as they do not constitute allegations asserted against them, pursuant to Fed. R. Civ. P. 8(b)(1)(B), and thus are considered denied under Fed. R. Civ. P. 8(b)(6).

13. Answering Defendants deny that the statements contained in this paragraph require a response as they do not constitute allegations asserted against them, pursuant to Fed. R. Civ. P. 8(b)(1)(B), and thus are considered denied under Fed. R. Civ. P. 8(b)(6).

14. Answering Defendants deny that the statements contained in this paragraph require a response as they do not constitute allegations asserted against them,

pursuant to Fed. R. Civ. P. 8(b)(1)(B), and thus are considered denied under Fed. R. Civ. P. 8(b)(6).

15. Answering Defendants deny that the statements contained in this paragraph require a response as they do not constitute allegations asserted against them, pursuant to Fed. R. Civ. P. 8(b)(1)(B), and thus are considered denied under Fed. R. Civ. P. 8(b)(6).

16. Answering Defendants deny that the statements contained in this paragraph require a response as they do not constitute allegations asserted against them, pursuant to Fed. R. Civ. P. 8(b)(1)(B), and thus are considered denied under Fed. R. Civ. P. 8(b)(6).

17. Answering Defendants deny that the statements contained in this paragraph require a response as they do not constitute allegations asserted against them, pursuant to Fed. R. Civ. P. 8(b)(1)(B), and thus are considered denied under Fed. R. Civ. P. 8(b)(6).

18. Answering Defendants deny that the statements contained in this paragraph require a response as they do not constitute allegations asserted against them, pursuant to Fed. R. Civ. P. 8(b)(1)(B), and thus are considered denied under Fed. R. Civ. P. 8(b)(6).

19. Answering Defendants admit only that the block quote contained in this paragraph is from 18 U.S.C. § 926B(a).

20. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

21. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

22. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

23. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

24. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

25. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

26. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

27. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

### New Jersey Law

28. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

29. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

30. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

31. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

32. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

33. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

34. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

35. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

36. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

37. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

38. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

39. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

### The Attorney General's Guidance

40. Admit.

41. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

42. Answering Defendants admit that the allegations in this paragraph include a selected portion of text from the FAQ with multiple omissions.

43. Answering Defendants admit that the allegations in this paragraph include a selected portion of text from the FAQ.

44. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

45. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

46. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

### The Individual Plaintiffs

*Plaintiff Richard Bowen*

47. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

48. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

49. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

50. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

51. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

52. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

### *Joseph Jakubiec*

53. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

54. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

55. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

56. Denied as stated. Answering Defendants admit that Plaintiff Jakubiec applied for an RPO permit in 2014, and that his application was denied in 2014.

57. Answering Defendants admit only that Plaintiff Jakubiec "appealed the denial of his RPO permit application to the Superior Court of New Jersey, Law Division,

Criminal Part in Monmouth County. . . ." Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph regarding the outcome of the appeal, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

58. Denied.

### *Christopher Martinez*

59. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

60. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

61. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

62. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

63. Denied.

64. Denied.

## COUNT I
**(42 U.S.C. § 1983)**

65. Answering Defendants incorporate and reallege their responses to the previous paragraphs of the Complaint as if set forth herein.

66. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

67. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

68. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

69. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

70. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

71. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5). Moreover, Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

72. Denied.

73. Denied.

Denied that Plaintiffs are entitled to judgment against Answering Defendants. Denied that Plaintiffs are entitled to any of the relief requested in the "Wherefore" Clause, subparagraphs a-e. Denied that Plaintiffs are entitled to any form of injunctive relief, attorney fees, and/or costs of suit from Answering Defendants. Denied that Plaintiffs are entitled to any other relief from Answering Defendants.

## COUNT II
### (Declaratory Judgment)

74. Answering Defendants incorporate and reallege their responses to the previous paragraphs of the Complaint as if set forth herein.

75. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that the doctrine of preemption exists, but deny that Plaintiffs have any cognizable claim for relief under the Supremacy Clause.

76. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit only that the allegations in this paragraph contain a block quote from 18 U.S.C. § 926C(a), with emphasis added.

77. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

78. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

79. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

80. Answering Defendants state that the allegations of this paragraph, including subparagraphs A-G, are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph, including subparagraphs A-G.

81. Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

82.   Answering Defendants allege that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of a denial under Fed. R. Civ. P. 8(b)(5).

83.   Answering Defendants state that the allegations of this paragraph, including subparagraphs A-D, are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph, including subparagraphs A-D.

84.   Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

85.   Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

86.   Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

87.   Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

88. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

89. Answering Defendants state that the allegations of this paragraph are legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny the allegations in this paragraph.

Denied that Plaintiffs are entitled to judgment against Answering Defendants. Denied that Plaintiffs are entitled to any of the relief requested in the "Wherefore" Clause, subparagraphs f-j. Denied that Plaintiffs are entitled to any form of declaratory relief and/or injunctive relief from Answering Defendants. Denied that Plaintiffs are entitled to any other relief from Answering Defendants.

## **SEPARATE DEFENSES**

Pursuant to Fed. R. Civ. P. 8(c), further answering the Complaint, and as separate defenses to the action, Answering Defendants aver that:

### FIRST AFFIRMATIVE DEFENSE

The Law Enforcement Officers Safety Act, 18 U.S.C. §§ 926A-C ("LEOSA"), does not give rise to a right enforceable under 42 U.S.C. § 1983.

### SECOND AFFIRMATIVE DEFENSE

N.J. Stat. Ann. § 2C:39-61 is not preempted by LEOSA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitation.

## FOURTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by virtue of the entire controversy doctrine.

## FIFTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by the principles of res judicata and collateral estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by principles of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring suit.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Answering Defendants upon which relief can be granted.

## **RESERVATION OF DEFENSES**

Answering Defendants hereby reserve any and all defenses that are available under the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation.

## **NOTICE**

Please take notice that the undersigned attorneys do hereby demand that each party herein serving pleadings and written discovery requests and receiving answers thereto, serve copies of all such pleadings and written discovery requests and responses, and all documents, papers and other material referred to therein, received from any party, upon the undersigned attorneys, and take notice that this is a continuing demand.

## **RESERVATION OF RIGHTS**

Answering Defendants reserve the right, at or before trial, to move to dismiss the complaint and/or for summary judgment, on the ground that the complaint fails to state a claim upon which relief can be granted and/or the Answering Defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, I certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court, or of any arbitration or administrative proceeding.

/s/ Bryan Edward Lucas  
Bryan Edward Lucas  
Deputy Attorney General

## CERTIFICATE OF SERVICE

I certify that on October 27, 2020, a copy of this Answer was served upon all counsel of record by way of Electronic Filing (CM/ECF).

    /s/ Bryan Edward Lucas
Bryan Edward Lucas
Deputy Attorney General

## JURY DEMAND

Answering Defendants demand a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Bryan Edward Lucas
Bryan Edward Lucas
Deputy Attorney General
NJ Attorney ID No.: 108462015
*Attorney for Defendants, Gurbir S. Grewal and Patrick J. Callahan*

DATE: October 27, 2020