

300 Carnegie Center | Suite 220 | Princeton, NJ 08540
A Pennsylvania LLP | Stephen M. Orlofsky, New Jersey Administrative Partner
blankrome.com

| | |
|---|---|
| *Phone:* | *(609) 750-2991* |
| *Fax:* | *(609) 897-7442* |
| *Email:* | *harbist@blankrome.com* |

April 13, 2021

**VIA ECF**

Honorable Tonianne J. Bongiovanni
United States Magistrate Judge
United States District Court for the District of New Jersey.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> ***Re:    Fed. Law Enforcement Officers Ass'n et al. v. Grewal et al.***
> ***Civil Action No.: 3:20-cv-5762 (MAS) (TJB)***

Dear Judge Bongiovanni:

We represent Plaintiffs in the above-captioned matter and write in anticipation of the telephonic status conference scheduled before Your Honor on April 15, 2021 at 10:30 a.m.

As the Court is aware, the parties are at an impasse on whether depositions are necessary in light of the legal issues in this case. Plaintiffs submit that depositions are not needed and will be unduly burdensome. Defendants take the opposite view. As explained below, depositions are unnecessary because they are duplicative of the documentary evidence, not reasonably calculated to lead to the discovery of admissible evidence, and disproportionate to the needs of this case.

This case involves a straightforward question of federal preemption—*i.e.*, does New Jersey have to follow federal law—with no material facts in dispute. The federal Law Enforcement Officer Safety Act, 18 U.S.C. § 926C ("LEOSA") states:

> Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified retired law enforcement officer and who is carrying the identification

125593523

BLANKROME

Honorable Tonianne J. Bongiovanni
April 13, 2021
Page 2

> required by subsection (d) may carry a concealed firearm that has
> been shipped or transported in interstate or foreign commerce,
> subject to subsection (b).

18 U.S.C. § 926C(a).  Plaintiffs' Complaint alleges that LEOSA preempts New Jersey laws that criminalize possession of a firearm under conditions where LEOSA allows such possession. Under LEOSA, the right to carry a concealed firearm is automatic if two conditions are met: (1) an individual meets the "qualifications" in subsection (c) of LEOSA; and (2) the retired officer possesses identification required in subsection (d) of LEOSA.  See 18 U.S.C. § 926C(a).

The parties have exchanged written discovery, and the documents confirm that the individual plaintiffs are "qualified" under subsection (c), and possess the identification required by subsection (d) of LEOSA.  Written discovery also confirms that New Jersey law conflicts with LEOSA.

The only questions remaining in this case are legal—*i.e.*, whether LEOSA creates a right to carry and preempts New Jersey law.  Thus, deposition testimony is objectionable because:

1.  It would be duplicative of paper discovery.  For example, Defendants might seek to confirm that Plaintiffs are qualified and have identification.  But, Plaintiffs' paper discovery already confirmed these facts under oath.  To the extent that the Defendants seek to authenticate these underlying documents showing qualifications and identifications, the Plaintiffs can only testify as to how and when they obtained the qualification and identification documents from their employers or elsewhere. If the Defendants dispute these documents, they can subpoena the source, e.g., Plaintiffs' law enforcement employers.

2.  It would be irrelevant to the issues in this case.  For example, Defendants might inquire into Plaintiffs' efforts to obtain New Jersey-specific firearm permits. However, whether Plaintiffs sought permits under New Jersey law ***to avoid criminal prosecution under a statute preempted by federal law***, is simply not relevant.  This information has no tendency to prove or disprove the legal question of whether LEOSA preempts New Jersey law.

Plaintiffs are prepared to file a motion for summary judgment but are constrained from doing so while Defendants might seek to depose Plaintiffs.  Thus, Plaintiffs respectfully request that the Court enter an order barring Defendants from taking depositions.

BLANKROME

Honorable Tonianne J. Bongiovanni
April 13, 2021
Page 3

       We look forward to discussing these issues with Your Honor.

                  Respectfully submitted,

                  */s/ Nicholas C. Harbist*

                  Nicholas C. Harbist