UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4000
TRENTON, NJ 08608

September 6, 2022

## LETTER ORDER

Re:   Federal Law Enforcement Officers Association, *et al.*, v. Matthew J. Platkin, *et al.*
      Civil Action No. 20-5762 (ZNQ) (TJB)

Dear Counsel:

This matter comes before the Court upon a Motion to Stay by Defendants Matthew J. Platkin, the Acting Attorney General, and Colonel Patrick Callahan, the Superintendent of the State Police. ("Motion," ECF No. 62; "Moving Br.," ECF No. 63.) Defendants seek a stay pending appeal of the June 21, 2022 Order and Opinion. (*Id.; see* ECF No. 60; "Op.," ECF No. 61.) Plaintiffs opposed the Motion ("Opp'n Br.," ECF No. 81), to which Defendants replied (Reply Br., ECF No. 82). Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, for the reasons set forth below and for good cause appearing, the Court **DENIES** the Motion.

On June 21, 2022, the Court granted Plaintiff's motion for summary judgment on both counts of the Complaint. (ECF No. 61.) In doing so, the Court enjoined Defendants from enforcing the provisions of N.J.S.A. § 2C:39-6(l), holding it was preempted by the federal Law Enforcement Officers Safety Act of 2004, 18 U.S.C. § 926C ("LEOSA"), and ordering that retired law enforcement officers need not obtain the Retired Police Officer permit under New Jersey's licensing regime to legally carry a concealed firearm.

A party moving for a stay pending appeal bears the burden of showing the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties['] interest... in the proceeding; and (4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776–77 (1987)). Courts balance all the factors and consider the relative strength of each factor. *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015). According to the Supreme Court, the most critical factors are the first two: whether the movant has demonstrated "(1) a strong showing of the likelihood of success and (2) that it will suffer irreparable harm—the latter referring to harm that cannot be prevented or fully rectified by a successful appeal." *Id.* (cleaned up). "[T]he former is arguably the more important piece of the stay analysis." *Id.*

The Court's analysis should, therefore, proceed as follows:

> Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%) *and* (b) [it] will suffer irreparable harm absent a stay? If it has, we balance the relative harms considering all four factors using a 'sliding scale' approach. However, if the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis.

*In re Revel AC*, 802 F.3d at 571 (cleaned up).

Defendants argue that the Court should stay its decision pending appeal for several reasons. First, in considering the public interest and irreparable harm factors, Defendants argue that denying the stay would "undermine New Jersey's carefully tailored gun safety procedures for retired officers who want to carry firearms." (Moving Br. at 15.) Second, Defendants argue that Plaintiffs and their members would suffer no harm if the Court were to grant the Motion. (*Id.*) Third, Defendants argue that they would likely succeed on the merits because LEOSA does not preempt New Jersey's permit scheme and because LEOSA does not confer a private right of action under 42 U.S.C. § 1983. (*Id.* at 15, 21.)

The Court will first address whether Defendants made a strong showing that they are likely to succeed on the merits. Defendants raise the same arguments they raised in support of their motion for summary judgment, which the Court rejected. As for Defendants' argument concerning Plaintiffs' right of action under § 1983, the Court emphasizes once again that Plaintiffs here are not similarly situated as the plaintiffs in those cases where courts have found no right of action under § 1983. In other words, the right of action in those cases differed from the right of action in this case—an important distinction Defendants continue to ignore. In its June 21, 2022 Opinion, the Court emphasized that this case specifically dealt with a right to carry for qualified retired law enforcement officers ("QRLEOs") who already possess LEOSA-compliant identification. In rendering its decision, the Court relied in part on persuasive precedent from *DuBerry v. District of Columbia*, 824 F.3d 1046, 1052 (D.C. Cir. 2016). In support of their argument, Defendants relied and continue to rely primarily on *Carey* and *Burban*, where the plaintiffs lacked LEOSA-compliant identification altogether.[1]

The Court likewise rejects Defendants' argument concerning preemption. Congress was unequivocal that it intended to preempt contrary state laws, such as New Jersey's law. Defendants contend that it is not impossible to reconcile the New Jersey permit scheme with LEOSA such that both can stand together. (Moving Br. at 29.) The Court disagrees. The New Jersey permit scheme and prohibition on hollow point ammunition conflicts with LEOSA. As explained in the Opinion, the "Court's finding is supported by Congressional intent, case law interpreting [§ 926(a)], the plain language and 'notwithstanding provision' in the statute, and the conflict between LEOSA, which grants QRLEOs the

---

[1] *Carey v. Throwe*, 957 F.3d 468, 478 (4th Cir. 2020); *Burban v. City of Neptune Beach*, 920 F.3d 1274, 1277 (11th Cir. 2019).

ability to carry a firearm with proper identification, and the additional requirements and restrictions imposed by the [New Jersey] Permit Scheme." (Op. at 26.)  The Court therefore finds that Defendants have not made a strong showing that they are likely to succeed on the merits.

Next, the Court considers whether Defendants will be irreparably injured absent a stay. Defendants combine their arguments concerning the irreparable harm factor with the public's interest in imposing the stay. (Moving Br. at 16 n.4.)  The Court is not convinced that the denial of the stay would pose a "significant risk" to public safety and the State. (*Id.* at 15–16.)  Nothing about the Court's decision changes the fact that QRLEOs must possess a LEOSA-compliant identification to lawfully carry a firearm. The Court, therefore, finds unpersuasive Defendants' irreparable injury argument.

In conclusion, Defendants have not made a sufficient showing that they can win on the merits and that they will suffer irreparable harm absent a stay.  Accordingly, the Court will not engage in further analysis because inquiry into the balance of harms is unnecessary at this point.  *In re Revel AC*, 802 F.3d at 571.  For the reasons above, the Court hereby **DENIES** Defendants' Motion (ECF No. 63).

**IT IS SO ORDERED.**

                                                  s/ Zahid N. Quraishi
                                                  **ZAHID N. QURAISHI**
                                                  **UNITED STATES DISTRICT JUDGE**